FILED

2023 Jun-27  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS A. BAYNE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:23-cv-0635-LCB** |
| | ) | |
| **SHELLY SLATE WATERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION & ORDER</u>

The Plaintiff, Thomas A. Bayne, Jr., initiated this action by filing a complaint in the United States District Court for the Middle District of Alabama.[1]  Because Bayne's allegations involved conduct that allegedly occurred in the Northern District of Alabama, the District Judge to whom the case was assigned entered an order transferring the case to this Court.  (Doc. 8).  That judge also construed one of Bayne's requests as an application for a temporary restraining order but denied relief.  *Id.*  The case is now before this Court.

---

[1] Bayne claims that he filed the complaint in the Middle District of Alabama based on his belief that the Defendant, a sitting judge in Morgan County, Alabama, had an unfair advantage in this forum given her judicial office and ties to the local legal community.  This belief is also part of the basis for Bayne's "Motion for Venue and Harassment Reconsideration" filed after the case was transferred to this Court.

A review of the docket reveals that Bayne did not pay the filing fee but instead moved for leave to proceed *in forma pauperis*. (Doc. 2). It does not appear that the motion was ruled upon. Accordingly, the Court will now address it.

Baynes's affidavit in support of his motion to proceed *in forma pauperis* supports a finding that he is unable to pay the filing fee. Accordingly, that motion is due to be granted pursuant to 28 U.S.C. § 1915(a). However, for the reasons that follow, Bayne's case is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief can be granted.

In his complaint, Bayne alleged that the Defendant, a judge in Morgan County, Alabama, presided or is currently presiding over a child custody case involving Bayne, his children, and the mother of those children. According to Bayne, he is the custodial parent. Bayne generally alleged that the Defendant falsified records, testimony, and evidence "to disrupt the Plaintiff's career and ability to provide for [his] children." (Doc. 1 at 1). He also alleged, in a conclusory fashion, that the Defendant violated the United States Constitution and unidentified federal laws. Bayne asserted that the Defendant made a series of rulings that were adverse to him, including the following: ordering him and his child to travel from their home in Maine to a court appearance in Alabama[2]; ordering that he release his child to the

---

[2] It appears that the Defendant denied Bayne's motion to appear remotely with his child at the hearing.

non-custodial parent despite an allegation that the non-custodial parent was the subject of a "Mandatory Protection Order" issued in Colorado; ordering that he allow the child to communicate with the non-custodial parent; conducting an *ex parte* hearing with the non-custodial parent and her attorney; lowering the amount of back child support the non-custodial parent owed; denying "financial relief after Violation of [his] Due Process rights and dismiss[ing] the cost in travel expense and attorney's fees;" remotely participating in a hearing in Colorado "thru an online platform" to argue that she had jurisdiction over the case; and entering a judgment that "dismissed the Defendant's right to monies owed and additionally sentenced the Plaintiff to five (5) days in jail for not flying the minor child to the fugitive felon[3] for summer visitation…." (Doc. 1 at 2-5). Bayne also alleged that the Defendant's rulings were not only unconstitutional and without legal basis, but that her decisions were made with malice and constituted criminal acts.

Bayne has described what appears to be a very difficult child-custody case that has taken an emotional and financial toll on him and his family. He believes that the judge presiding over that case intentionally made adverse or illegal rulings with malicious intent towards him. However, it is unclear from the filings whether Bayne has sought appropriate appellate relief for the rulings he claims are in error.

---

[3] According to Bayne, the non-custodial parent has a history of drug abuse and criminal activity. At various places in his complaint, Bayne refers to the non-custodial parent as "the fugitive felon" and "the Predator."

Nevertheless, in his prayer for relief, Bayne has asked that this Court order the Defendant to issue a "written and published professional apology" for her actions; that this Court or the Alabama State Bar Association sanction or disbar the Defendant from the practice of law; that this Court divest the Defendant of her retirement benefits; that this Court issue "[a]n immediate cease harassment order" directed at the Defendant; and that the Court enter judgment in his favor awarding monetary damages, reimbursement for various case expenses, and such other relief as the Court deems proper.  (Doc. 1 at 5).

After the case was transferred to this Court, Bayne filed a "Motion for Venue and Harassment Reconsideration."  (Doc. 10).  In that motion, he expounds on the various damages he claims the Defendant's rulings have caused his family.  He also appears to request the Court issue an *ex parte* order enjoining the Defendant from "any interference with the Plaintiff and his family that resides in Maine. Specifically, making any anonymous phone calls to Maine CPS with the intent to pull resources away from the Plaintiff and to continue the pattern of harassment the defendant has used previously and will be identified in the court hearing."  *Id.* at 1-2).  Bayne also asks this Court to reconsider the issue of venue and transfer the case back to the Middle District based on his belief that he cannot get a fair trial in the northern part of the state due to the Defendant's judicial position and ties to the legal community.

It is unclear from his complaint what, if any, causes of action Bayne is attempting to assert.  Though he explains the child-custody case and its effects on his family in great detail and alleges generally that the presiding judge's orders are unlawful, he has not identified any specific causes of action that would create liability for the Defendant.  Instead, he asks the Court for the relief described above.

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action filed by a plaintiff proceeding *in forma pauperis* if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary damages from a defendant who is immune from such relief.  The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.*

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To state a claim for relief, a pleading must contain:

"(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

As noted, Bayne has identified no specific cause of action in his complaint. Further, he has not stated adequate grounds establishing this Court's jurisdiction. While a pro se litigant's pleadings are not held to the same standard as those drafted by attorneys, the Court may not act as de facto counsel for a plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). *See also GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (leniency to a pro se litigant does not require or allow courts "to rewrite an otherwise deficient pleading in order to sustain an action.").

Additionally, the Defendant has immunity for Bayne's claims relating to her alleged actions taken while presiding over his custody case.  The Eleventh Circuit has held:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir.1983).

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).  The majority of the acts Bayne alleged appear to have stemmed from the custody case over which the Defendant was or is currently presiding.  Bayne has pleaded nothing to indicate that the Defendant acted outside of her judicial capacity or that she did not have jurisdiction over the case.  Accordingly, he has failed to state a claim for which relief can be granted.

To the extent Bayne is asking this Court to overrule decisions made by the Defendant, to initiate criminal charges against her, to enter a "cease harassment order," or to take action involving her law license or retirement benefits, it has no jurisdiction to do so.  The proceedings Bayne described involve matters of state law over which a federal Court generally has no jurisdiction.  Although Bayne cited to

various provisions of the United States Constitution and alleged that the Defendant violated federal law, he has plead no specific facts detailing how she violated those provisions or laws.

Thus, even assuming that all Bayne's allegations are true—which the Court must for purposes of this analysis—he has failed to state a cognizable claim that this Court would have jurisdiction to hear.  Based on Bayne's assertions, it appears that the relief he seeks would be more appropriately sought in the relevant state courts, not federal court.  This should not be understood to imply that Bayne has stated a cognizable state law claim, only that he has not stated a claim for which this Court would have jurisdiction.

For the foregoing reasons, this case is due to be dismissed under § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted.  A separate, final order will be entered.

**DONE** and **ORDERED** June 27, 2023.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE